# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ROBERT DELAYO,

     Plaintiff,

v.                                                                    Civ.  07-0426 RLP/RHS

CORNELL CORRECTIONS INC., *et al.*,

     Defendants.

### <u>MEMORANDUM OPINIONS AND ORDER</u>

Before the Court are Plaintiff's Motion for Summary Judgment and Certain Defendants' Motion for Summary Judgment.  All parties are represented by counsel; neither side responded to the other's Fed.R.Civ.P. 56 Motion.

<u>Plaintiff's Motion</u>.  Plaintiff was injured on January 1, 2006, at the Regional Correctional Center, where he suffered a fractured jaw while playing handball.  He was taken to the Albuquerque Regional Medical Center (RMC) for x-rays.  He was not seen by an oral surgeon until January 27, 2006.  He subsequently saw Dr.  Steven Traub on September 25, 2007 for treatment of another condition.  Plaintiff attaches one page of Dr. Traub's deposition in which he stated that Plaintiff should have been seen by an oral surgeon earlier than he was.  The foregoing facts give rise to Plaintiff's claim of an Eighth Amendment violation: denial of medical care for a serious medical need.

Federal Rule 56(e)(2) provides in pertinent part:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Plaintiff's Motion is not properly made and supported.  First, Plaintiff did not set out in numbered paragraphs all material facts which he claims are not in dispute as required by our Local Rules, D.N.M. LR-Civ.  56.1(b).  Second, other than one page of Dr.  Traub's deposition, Plaintiff did not support the record with any medical documents or affidavits indicating Plaintiff's treatment or lack thereof; arguments of counsel are not evidence.[1]  Finally, the deposition page submitted by Plaintiff does not support his contention that Defendants were deliberately indifferent to his serious medical need.  *See Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir.  2002).

Because Plaintiff has failed to submit a properly supported Motion for Summary Judgment, Defendants were not required to respond and Plaintiff's Motion will be denied.

Defendants' Motion.  Defendants argue that Defendant Carolyn Hallinan was not employed at the Regional Correctional Center until July, 2006, which was after the events giving rise to this action arose.  *See* Exhibit A to Doc.  22.  This is a properly supported Motion for Summary Judgment and Plaintiff was required to respond as shown above by Fed.R.Civ.P. 56(e)(2); *Reed*, *supra.*

Accordingly, there being no material facts in dispute as to Defendant Hallinan, Defendants' Motion will be granted and Ms.  Hallinan dismissed from this proceeding.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Summary Judgment [Doc. 23] is denied;

IT IS FURTHER ORDERED that Certain Defendants' Motion for Summary Judgment [Doc.  22] is granted; and

---

[1]  See, for example, ¶¶ 7-9 of Defendants' motion for Summary Judgment, which indicate that Plaintiff was treated in February and May of 2006.

IT IS FURTHER ORDERED that Defendant Carolyn Hallinan is dismissed from this proceeding.

IT IS SO ORDERED.

Richard L.  Puglisi
United States Magistrate Judge
(sitting by designation)